UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JASON CLYDE MEADOWS,
      Plaintiff,

v.

LELAND DUDEK, Acting Commissioner
of Social Security,[1]
      Defendant.

Case No. 2:19-cv-00042

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1)(B), Plaintiff's Motion for Award of Attorney Fees (Doc. No. 26, "Motion for Attorney Fees") was referred for a Report and Recommendation (Doc. No. 28). It is recommended that the Motion for Attorney Fees be granted.

## I.    Background

The final decision of the Commissioner was reversed and remanded for further administrative proceedings (Doc. No. 20). Following remand, the Social Security Administration ("SSA") awarded Plaintiff past-due benefits of $81,489.00 and withheld $20,372.25 for payment of attorney fees, making Plaintiff the prevailing party (Doc. No. 25-5 at p. 2). Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiff was later awarded attorney fees in the amount of $3,140.00 for 15.7 hours a rate of $200.00 per hour (Doc. Nos. 21 at p. 1 and 25).[2]

---

[1]    Frank Bisignano was sworn in as Commissioner of Social Security on May 7, 2025. Press Release, Soc. Sec. Nat'l Press Off., Fin. Servs. Indus. Leader Frank Bisignano to be the 18th Comm'r of Soc. Sec. (May 7, 2025), https://www.ssa.gov/news/en/press/releases/2025-05-07.html (last visited Sep. 24, 2025). Under Federal Rule of Civil Procedure 25(d), Bisignano is automatically substituted as the defendant in this action. Fed. R. Civ. P. 25(d).

[2]    According to Plaintiff's Attorney, her hourly rate was $200.00-$250.00 in 2019 and $250.00-$300.00 in 2020, yet her EAJA request was limited to the rate of $200.00 for hours completed between March 2019 and October 2020 (Doc. No. 23 at p. 2).

Pursuant to 42 U.S.C. § 406(b), Plaintiff's Attorney now requests attorney fees in the amount of $10,372.25 based on 25% of past due benefits (Doc. Nos. 26-5 at p. 4 and 27 at p. 1).[3] In support, Plaintiff's Attorney included a notice of award letter from the SSA (Doc. No. 26-3), an itemization of time (Doc. No. 26-2), and the relevant contingency fee agreement (Doc. No. 26-4). Notably, Plaintiff's 406(b) request reflects a rate of $250.00-$300.00 per hour, instead of $200.00 per hour, for 16.7 hours of work completed between March 2019 and October 2022 (Doc. Nos. 26-2 and 26-5 at p. 4).[4] Although the SSA does not object to Plaintiff's Motion for Attorney Fees,[5] it asserts that, when attorney fee awards are under both 406(b) and EAJA, the lesser fee awarded must be refunded from Plaintiff's Attorney to Plaintiff (Doc. No. 27 at p. 3). Plaintiff's Attorney agrees that, should this Court issue an award under 406(b), the EAJA award should be refunded to Plaintiff as the lesser amount of the awards (Doc. No. 26 at p. 1).

## II.      Legal Standard

"Whenever a court renders a judgment favorable to a claimant [in an action before the Commissioner of Social Security] . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). This statutory fee cap represents Congress' balancing of the competing goals of protecting financially vulnerable claimants from paying excessive

---

[3]      Plaintiff's Attorney is also seeking $10,000.00 before the SSA (Doc. No. 26 at p. 1).

[4]      Between Plaintiff's Attorney's affidavits and itemizations of time in October 2020 (Doc. No. 23) and October 2022 (Doc. Nos. 26-1 and 26-2), there is only one additional line item, which reflects one hour of attorney work completed in October 2022 (Doc. No. 26-2).

[5]      For purposes of clarity, the Court notes that Plaintiff's Attorney's request for fees under § 406(b) is timely (Doc. No. 26-3 (Notice of Award, dated September 29, 2022); Doc. No. 26 (Motion for Attorney Fees, dated October 26, 2022)). *See* M.D. Tenn. L.R. 54.01(b)(3)(B) (Under this Court's local rules, an application for fees made pursuant to § 406(b) must be filed "within thirty (30) days after plaintiff's federal court attorney has received all of the Notices of Award that are necessary to calculate the total amount of retroactive benefits payable.").

attorney's fees in disability benefits actions and encouraging attorneys to provide effective representation to individuals pursuing such claims. *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989). The "reasonable fee" provision may include contingency fee agreements, subject to "review of such arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Counsel seeking the award bears the burden of demonstrating the reasonableness of the amount requested. *Id*.

In the Sixth Circuit, there is a rebuttable presumption that fee agreements that comply with the 25% cap are reasonable. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). That presumption is "subject, however, to a 'floor': 'a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Kaye v. Saul*, No. 3:16-cv-002878, 2020 WL 3964205, at *3 (M.D. Tenn. July 10, 2020) (quoting *Lasley*, 771 F.3d at 309). If a requested rate exceeds the presumptive "floor," the court must determine if the rate is nonetheless reasonable by considering factors "such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases," among others. *Id*. (citing *Gisbrecht*, 535 U.S. at 808). The Sixth Circuit directs that deductions from a 25% award should generally "fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746.

**III.     Analysis**

Specific to the "floor," there is a discrepancy in hourly rate for attorney work completed. That is, Plaintiff's Attorney previously requested a rate of $200.00 per hour for 15.7 hours under the EAJA (Doc. No. 23 at p. 2) and now requests $250.00-$300.00 per hour for 16.7 hours under

3

§ 406(b), despite there being only a singular hour of additional work (Doc. Nos. 26-2 and 26-5 at p. 4). According to Plaintiff's Attorney, she proposes a hypothetical hourly rate of $621.09 per hour ($10,372.25 in requested fees divided by 16.7 hours yields $621.09), which is "slightly above the two-time multiplier" when applying her proposed higher hourly rate (Doc. No. 26-5 at p. 4).

However, in the context of awarding fees under the EAJA, the Court applied a $200.00 per hour rate for Plaintiff's Attorney's work (Doc. No. 25). Notably, Plaintiff's Attorney offers no reason why the per hour rate would increase by $50.00-$100.00 in the context of an award under § 406(b) than it was in the context of an award under the EAJA. As a result, this Court's prior application of a rate of $200.00 under the EAJA reasonably counsels that the fee award under § 406(b) also be calculated at a $200.00 hourly rate. *See, e.g., Western v. Soc. Sec. Admin.*, No. 2:16-cv-00010, 2022 WL 3273840, at *2-3 (M.D. Tenn. July 22, 2022) (reducing the total hours of representation requested because Plaintiff's counsel offered no reason why the reasonable number of hours spent representing his client should be different in the context of an award under § 406(b) than it was in the context of an award under the EAJA). When based on a $200.00 standard rate, the hypothetical hourly rate is approximately 3.11 times the standard rate (the hypothetical hourly rate of $621.09 divided by the standard rate of $200.00 yields 3.11), which is not "slightly above the two-time multiplier" as Platiniff's Attorney contends (Doc. No. 26-5 at p. 4). Because the requested hourly rate exceeds the statutory floor, the Court must consider whether it is reasonable or constitutes a windfall for Plaintiff's Attorney. *Rodriquez*, 865 F.2d at 746.

Although the presumption of reasonableness for a 25% cap is rebuttable, and the hypothetical hourly rate of $621.09 in this case would appear to amount to something of a windfall, Plaintiff's Attorney's request is presumed reasonable because it is based on a pre-existing contingency fee agreement that stated counsel would "receive as the fee an amount equal to

4

twenty-five percent (25%) of the past due benefits that are awarded" (Doc. No. 26-4). Further, the requested amount does not exceed the 25% cap ($20,372.25 in requested fees is 25% of the total past due award of $81,489.00 for Plaintiff). *Lasley*, 771 F.3d at 309. The Court has also reviewed Plaintiff's counsel's affidavit and itemization of time (Doc. Nos. 26-1 and 26-2) and, like the prior EAJA analysis (Doc. No. 25), determined that 16.7 hours of time expended is reasonable. Moreover, (i) Plaintiff was the prevailing party (Doc. No. 25-5 at p. 2), (ii) there is no contention that Plaintiff's Attorney was responsible for any delay, engaged in improper conduct, or otherwise ineffective (Doc. No. 27), and (iii) the SSA does not object to Plaintiff's Motion for Attorney Fees, subject to this Court's reasonableness analysis (*Id.*). Under these circumstances, even where the hypothetical hourly rate is above the "floor," the requested fees are reasonable under § 406(b).

Accordingly, the Court recommends that Plaintiff's Motion (Doc. No. 26) be GRANTED, and Plaintiff AWARDED attorney's fees in the amount of $10,372.25. Such fees should be remitted directly by the SSA to Plaintiff's Attorney. Upon receipt, Plaintiff's Attorney should immediately remit to Plaintiff the previously awarded fee of $3,140.00 under the EAJA.

**IV.     Recommendation**

For the foregoing reasons,

IT IS RECOMMENDED that the Motion for Attorney's Fees (Doc. No. 26) be GRANTED and Plaintiff AWARDED $10,372.25.

IT IS FURTHER RECOMMENDED that the SSA be ORDERED to release $10,372.25 of the amount withheld from Plaintiff's past-due benefits to Plaintiff's Attorney.

IT IS FURTHER RECOMMENDED that Plaintiff's Attorney be ORDERED to remit $3,140.00 of the EAJA award to Plaintiff.

Any party has 14 days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this

5

Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within 14 days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 21st day of May, 2026.

LUKE A. EVANS
United States Magistrate Judge